Case 2:22-cv-00222   Document 8   Filed on 09/26/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
September 26, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANTONIO LAMAR COCHRAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 2:22-CV-00222 |
| § | |
| EVAN PARTCH, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE**

Plaintiff Antonio Lamar Cochran, appearing *pro se* and *in forma pauperis*, has filed this civil action. While Plaintiff brings his claims under 42 U.S.C. § 1983, he is actually attempting to raise claims against individual persons or entities who have not responded to his Freedom of Information Act requests. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A.

For the reasons set forth below, the undersigned respectfully recommends that all of Plaintiff's claims be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned recommends further that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PLAINTIFF'S CLAIMS

Plaintiff is a Texas inmate currently assigned to the McConnell Unit in Beeville, Texas. He is appearing *pro se* and *in forma pauperis*. On September 23, 2022, this Court received Plaintiff's Prisoner Civil Rights Complaint form in which Plaintiff named as defendants the records custodians for: (1) Facebook, Inc., (2) T-Mobile/Metro PCS, (3) Whataburger Restaurants, LLC, (4) the Dallas Police Department, and (5) Yahoo, Inc. Plaintiff appears to be seeking his prior employment records from these entities. Plaintiff alleges these individuals did not respond to his Freedom of Information Act requests. He seeks injunctive relief.

## III.     LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune

defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

## IV.     ANALYSIS

The Freedom of Information Act is a law requiring federal agencies to disclose certain records upon a proper request. 5 U.S.C. § 552(a)(3)(A). The Act was created to facilitate public access to documents of the federal government. *U.S. Dept. of State v. Ray*, 502 U.S. 164, 173 (1991). FOIA applies to agencies within the executive branch of the federal government. 5 U.S.C. § 552(f)(1). The Act does not apply to requests for records in the possession of state governments, municipal corporations, private businesses, or private citizens. *Davidson v. Georgia*, 622 F.2d 895, 897 (5th Cir. 1980)(FOIA has no application to state governments); *Mouton v. Neustrom,* 644 F. App'x 287 (5th Cir. 2016) (Affirming dismissal of Plaintiff FOIA claims against local defendants and finding appeal frivolous); *Ward v. Cox*, No. 4:21-cv-079-P, 2021 WL 3710694 (N.D. Tex. Aug. 19, 2021)(Dismissing FOIA claims against individual defendants because they were not federal agencies as required by the Act).

Even if the Court were to construe Plaintiff's claims as brought under the Texas Open Records Act, they must also fail because that statute contains a provision allowing state agencies to refuse requests for documents from prisoners. *See* Tex. Gov. Code. § 552.028; *Hickman v. Moya,* 976 S.W.2d 360, 361 (Tex. Ct. App. 1998).

All of Plaintiff's claims are against individual persons who are not subject to the disclosure provisions of FOIA. Plaintiff has failed to state a claim upon which relief could be granted because he would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint. *Jones*, 188 F.3d

at 324.  Further, Plaintiff's claims are frivolous because they have no arguable basis in law and are based on an indisputably meritless legal theory.  Plaintiff attempts to raise claims in connection with a "violation of a legal interest which clearly does not exist." *Davis,* 157 F.3d at 1005.

Plaintiff should not be granted leave to Amend because any amendment would be futile.  None of the persons named as defendants, or the entities for which they work, are federal agencies subject to the provision of FOIA.

## V.   RECOMMENDATION

For the reasons stated above, the undersigned recommends that all of Plaintiff's claims be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned respectfully recommends further that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on September 26, 2022.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).